**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS, LLC, JASON DAVIES, CARL HOBI, AARON JAMES JAYJACK, ADAM LUCIO, ADRIEN MAUDUIT, JESSICA MOORE, MIKE OLBINSKI, MAXWELL OLSON, DANIEL JEFFREY ROBINSON, ROLF ERIK SCHYMA, DANIEL SHAW, PAUL SMITH, CHRISTOPHER JOHN TANGEY, MIKE THEISS, REED TIMMER, VIRAL DRM, LLC, DEREK SMITH, CHRISTOPHER BLAKE BROWN and TANNER SCHAAF,<br><br>                    Plaintiffs,<br><br>v.<br><br>RAFAEL DELGADO GARCIA,<br><br>                    Defendant. | **CASE NO.: 1:25-cv-08170-JGK**<br><br>**[Proposed] Case Management Plan and Scheduling Order** |

The parties submits this [Proposed] Case Management Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f):

1.      **Meet and Confer:**

The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f)m) via phone conversations.

2.      **Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff(s): Plaintiff asserts a claim of copyright infringement against Defendant for Defendant's alleged use of Plaintiff's Works listed on Exhibit 1 to the Second Amended Complaint. (ECF 21-1) (hereinafter "Works') on Defendant's Websites. Plaintiff brings this claim under 17 U.S.C. § 501 and is seeking statutory damages under 17 U.S.C. §504; and violations of 17 U.S.C. § 1202 and is seeking damages under 17 U.S.C. §1203.

1

2

**3.      Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

This is an action arising under the Copyright Act, 17 U.S.C. § 501; and the Digital Millennium Copyright Act § 1202. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

There is no dispute to jurisdiction.

**4.      Subjects on Which Discovery May Be Needed:**

Plaintiffs: Plaintiffs will seek to determine: 1) the full nature and extent of the use of the Works in any and all formats; 2) the source where the Works were obtained; 3) how the Works were obtained; 4) profits and revenue received by Defendant in connection with Plaintiffs' Work; and 5) who at Defendant's business was responsible for the infringement.

Defendants: will seek to determine the extent of fair use rights.

**5.    Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than <u>May 15, 2026</u>.**

    **a.**    Plaintiffs will disclose the information required by Fed. R. Civ. P. 26(a)(1) by <u>May 15, 2026</u>.

    **b.**    Defendant(s) will disclose by <u>May 15, 2026</u> the information required by Fed. R. Civ. P. 26(a)(1).

**6.    Amended Pleadings:**

    **a.**    No additional parties may be joined after <u>June 30, 2026</u>. Any motion to join after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

    **b.**    No amended pleadings may be filed after <u>August 30, 2026</u>. Any motion to amend after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

**7.    Discovery Plan:**

    **a.**    All fact discovery shall be completed by December 15, 2026

    **b.**    Initial requests for production shall be served by June 26, 2026. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

    **c.**    Initial interrogatories were/shall be served by June 26, 2026.  Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

    **d.**    Requests to admit shall be served by August 28, 2026.

    **e.**    Depositions shall be completed by September 25, 2026.

    **f.**    The parties propose the following limits on discovery:

    **g.**    Except as otherwise modified in 7(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without

application to the Court, provided that the parties meet the deadline for completing fact discovery.

    **h.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:  **None.**

**8.**    **Expert Discovery (if applicable):**

    **a.**    The Parties do anticipate using testifying experts.

    **b.**    The Parties reserve the right to amend this section and employ testifying experts should it appear necessary.

**9.**    **Electronic Discovery and Preservation of Documents and Information:**

    **a.**    The parties have discussed electronic discovery.

    **b.**    If applicable, the parties shall have a protocol for electronic discovery in place as to be determined at a later and time.

**10.**    **Anticipated Motions (other than summary judgment, if any):**

Plaintiff anticipates filing a motion to enforce the settlement agreement between the Parties.  Defendant may file a motion for summary judgment.

Pursuant to the Court's order (ECF 44), if the Parties are unable to resolve the matter by May 13, 2026, the Parties will submit a letter to the Court explaining the status of the Parties' settlement discussions. The Plaintiff will seek assistance from a magistrate judge to facilitate resolving the Parties' settlement dispute.

**11.**    **Summary Judgment Motions: No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.**

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre- motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

4

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

12.     **Pretrial Submissions: The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.**

13.     **Trial:**

    a.     All parties **do not** consent to a trial before a Magistrate Judge at this time.

    b.     The case **is** to be tried to a jury.

    c.     The parties anticipate that the trial of this case will require **3** days.

14.     **Early Settlement or Resolution:**

    a.     Settlement discussions have taken place.

    b.     The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator.

    c.     The Parties do believe that a mediation is appropriate at this time. However, the Parties will explore that option should it appear necessary.

    d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

15.     **Other Matters the Parties Wish to Address (if any): None.**

16.     **The Court will fill in the following:**

☐ A status conference will be held before the undersigned on _____ at _____ a.m. in Courtroom 9A, 500 Pearl Street.

☐ The parties shall submit a joint status letter by_____no longer than _____ pages.

Respectfully submitted this ___day of May, 2026,

*/s/ Jordan Abisror*
JORDAN I. ABISROR
Bar Number: 6139190
Jordan.abisror@sriplaw.com

MATTHEW L. ROLLIN
Matthew.rollin@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
656.787.1082 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiffs*

Dated:  New York, New York

_____

Counsel for Defendant

/s/ Steve Vondran

Steve Vondran

SO ORDERED.

_____

HON. JOHN G. KOELTL
United States District Judge, Southern District
of New York